**In re Robert V. LINDSEY, and Mary E. Lindsey, Debtors.**

**Jack CORNELIUS, trustee, Plaintiff,**

**v.**

**KINGFISHER BANK & TRUST CO., James K. Lindsey, United States of America, Acting Through the Agricultural Stabilization and Conservation Service, and Robert V. Lindsey and Mary E. Lindsey, Defendants.**

**Bankruptcy No. 91–01283–BH.
Adv. No. 91–450.**

United States Bankruptcy Court,
W.D. Oklahoma.

July 9, 1992.

John L. Myles, of Rogers Abbott & Associates, Oklahoma City, Okl. for plaintiff/trustee.

Gary A. Bryant, of Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, Okl., for defendant, Kingfisher Bank & Trust Co.

John K. Lindsey, Edmond, Okl., for defendant, James K. Lindsey.

Kay D. Sewell, Asst. U.S. Atty., Oklahoma City, Okl., for defendant U.S.A. ex rel. Agr. Stabilization and Conservation Service.

Jeffrey C. Trent, Yukon, Okl., for debtors/defendants Robert V. Lindsey and Mary E. Lindsey.

## ORDER GRANTING PLAINTIFF PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY FOR FEDERAL INCOME TAXES

RICHARD L. BOHANON, Chief Judge.

The dispute in this case arises from transactions entered into by the standing Chapter 12 trustee, which would not be done in the course of a typical Chapter 12 case. Specifically, a provision in the confirmed plan authorized the Chapter 12 trustee to administer a partial liquidation of the property of the estate for distribution to the unsecured creditors. The trustee argues that the federal income taxes which arose from the sale of assets under this provision should be paid by the debtors and not from the bankruptcy estate. The sale proceeds are approximately $300,000.

The facts are not in dispute. While debtors were drafting their plan for alteration of their debts, the Chapter 12 trustee filed suit for the recovery of certain real property and oil and gas mineral rights he argued had been fraudulently transferred by the debtors. The plan includes a provision for the disposition of these assets, along with others, should the trustee succeed in the suit.

Under this provision, the trustee was to collect and hold the properties recovered, liquidate them, and distribute the proceeds, net of expenses and his fees, pro rata to the unsecured creditors. The plan did not expressly state in what capacity the trustee was to collect the assets, nor did it define the term "expenses."

Subsequent to confirmation of the plan, the trustee prevailed in the avoidance action. He then collected the properties specified in the plan provision, sold them under 11 U.S.C. § 1206 free and clear of all liens, and instituted this action.

He seeks a determination of whether federal taxes owed on the income from the sales should be paid from the proceeds prior to distribution to the unsecured creditors or if the taxes should be paid separately from other funds of the debtors and not from the proceeds of sale.

## DISCUSSION

■ The trustee makes two arguments. He contends first that a Chapter 12 trustee does not file and pay income taxes, pursuant to 26 U.S.C. § 1398 and 1399. He argues that he collected and sold the assets in his capacity as Chapter 12 trustee and therefore he neither files a return nor pays federal income taxes on the proceeds. Alternatively, he argues that the term "expenses" in the plan does not include income taxes, therefore, the plan does not provide for taxes to be paid from the sale proceeds.

Debtors, citing the recent Supreme Court decision *Holywell Corp. et al. v. Smith et al.*, —— U.S. ——, 112 S.Ct. 1021, 117 L.Ed.2d 196 (1992), contend that the trustee must pay the taxes from the proceeds which arose from the sales, pursuant to 26 U.S.C. § 6012(b)(4). Debtors argue that the trustee acted not in his capacity as a Chapter 12 trustee, but as trustee for another entity created in the plan, a liquidating trust. Debtors also contend that the term "expenses" in the plan includes federal income taxes.

It is clear that, pursuant to 26 U.S.C. § 1398 and 1399, the standing Chapter 12 trustee neither files a return nor pays federal income tax when his actions giving rise to a federal tax liability are undertaken in that capacity. The opinion in *Holywell* also makes it clear that the tax burden does shift to the trustee when a separate entity is created and the actions giving rise to the tax were undertaken in the capacity of trustee for this separate entity, pursuant to 26 U.S.C. § 6012(b)(4).

I conclude that the trustee's actions under the plan were undertaken in his capacity as standing trustee, and not as trustee of a separate entity. Therefore, debtors, not the standing Chapter 12 trustee, must file and pay any federal income taxes arising from the liquidation of assets of this estate. I base this determination upon the language in the plan and the required elements of a liquidating trust.

Treasury regulations aid in determining if the plan created a liquidating trust by defining the requirements to be met for an entity to be a liquidating trust. Treas.Reg. § 301.7701–4(d). This regulation states that a liquidating trust must have been organized for the primary purpose of liquidation. *Ibid.*

In this case there is no language in the plan evidencing an intent to establish a separate entity for liquidating the assets listed. The plan merely recites actions which could be taken by the trustee on his own as the standing Chapter 12 trustee. *See* 11 U.S.C. § 1206. The plan does not contain any language which distinguishes between capacity as the standing Chapter 12 trustee and capacity as a separate trustee.

Further, I conclude that the term "expenses" as used in the plan does not include federal income taxes. Again, I base this determination on the language of the plan.

The plan provision at issue concerns the sale of property. The terms within that provision must therefore be interpreted with that purpose in mind. The term "expenses" then must relate to the sale of property. Such expenses would include such costs as advertising and title transfer. Federal income taxes are a separate cost, determined after the fact of sale in relation to the income from the sale to the seller. Federal income taxes are not an expense of the sale itself.

Accordingly, judgment on this issue will be entered for the plaintiff.